# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH WAYNE FOSTER, JR., | No. CV 18-2783-JGB (PLA) |
| Petitioner, | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Joseph Wayne Foster, Jr., ("petitioner") initiated this action on April 4, 2018, by filing a document entitled "Notice of Appeal," which the Court has construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").[1] It appears that petitioner is currently in custody pursuant to a California state court conviction in case number NA081482 and is housed at California State Prison, Los Angeles County in Lancaster, California. (Petition at 1, 12[2]). Petitioner in the instant Petition appears to challenge the Los Angeles County Superior Court's denial of his motion for resentencing. Specifically, petitioner states that he "appeals from the

---

[1] On April 25, 2018, this matter was transferred from the calender of former Magistrate Judge Jay C. Ghandi to the calender of the undersigned Magistrate Judge.

[2] For ease of reference, the Court uses the ECF-generated page numbers when referring to Court filings.

judgment of the court denying [his] motion for resentencing[/]sentencing modification . . . without prejudice. Said judgment was entered on 02/27/18 by the [H]onorable Judge Gary J. Ferrari, a Superior Court of California, County of Los Angeles Judge." (Petition at 1).

The Court notes that, in 2015, in Case No. CV 15-2826-JGB (JCG), petitioner filed a prior habeas petition challenging his conviction in case number NA081482 (the "2015 Petition"). In the 2015 Petition, petitioner stated that he was convicted on October 19, 2009, in the Los Angeles County Superior Court of one count of first degree burglary (Cal. Penal Code § 459), and was sentenced to thirty-five years to life. (Case No. CV 15-2826, ECF No. 1 at 1). He raised claims of ineffective assistance of counsel, instructional error, and prosecutorial misconduct. The 2015 Petition was denied as barred by the statute of limitations, and on July 6, 2015, judgment was entered dismissing the 2015 Petition with prejudice. (Case No. CV 15-2826, ECF Nos. 5, 10, 11).

## II.
## **DISCUSSION**

### A.  EXHAUSTION

In the instant Petition, petitioner challenges the superior court's denial of his motion for resentencing by alleging that the superior court, in sentencing petitioner to thirty-five years to life under the Three Strikes Law, violated California Penal § Code 667(a)(2), California Rule of Court 425(b), and the due process clauses of the Fifth and Fourteenth Amendments. (Petition at 3).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every federal claim presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, there is no indication that petitioner has exhausted any claim he raises in the instant Petition. Accordingly, the Petition is subject to being dismissed without prejudice as unexhausted. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**B. SECOND OR SUCCESSIVE PETITIONS**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As mentioned above, petitioner's 2015 Petition, which also challenged his 2009 conviction, was dismissed with prejudice as untimely. A habeas petition that has been dismissed for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which held that a prior petition dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (a dismissal of a first petition with prejudice because of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). To the extent petitioner in the instant Petition raises claims of sentencing error that could have been raised in the prior 2015 Petition, it appears that the instant Petition is successive. Pursuant to 28 U.S.C. § 2244(b), the Court is therefore without jurisdiction to entertain the Petition. See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").[3]

**C. STATUTE OF LIMITATIONS**

The Petition is also subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See

---

[3] Even if the instant claims satisfy the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner nevertheless is required to seek *and receive* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). There is no indication that petitioner has received such authorization.

Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[4] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, with respect to petitioner's 2009 conviction, his direct appeal concluded when his petition for review was denied by the California Supreme Court on February 23, 2011. (Case No. CV 15-2826, ECF No. 1 at 2). For AEPDA purposes, his 2011 conviction became final ninety days later, on May 24, 2011, when the time for filing a petition for certiorari in the Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period for seeking federal habeas relief expired one year later, on May 24, 2012. See 28 U.S.C. § 2244(d). Thus, to the extent petitioner is alleging that sentencing error occurred when he was sentenced following his 2009 conviction, it appears that the Petition may be barred by the statute of limitations by over six years, unless statutory[5] or equitable[6] tolling of the limitation period is

---

[4] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[5] The running of the AEDPA limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999).

[6] The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks and citation omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted).

warranted. Given that petitioner's 2015 Petition was dismissed as untimely, it does not appear that there is sufficient tolling to render the instant Petition timely.

**D.     PROPOSITION 36 AND PROPOSITION 47**

Finally, although petitioner does not refer to either California's Proposition 36 or Proposition 47 in the instant Petition, the Court notes that he may have sought a resentencing hearing in the superior court pursuant to either of these provisions.[7]

Proposition 36, which went into effect in 2012:

> change[d] the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who [was] convicted of any new felony [was] subject to an indeterminate life sentence. [Proposition 36] diluted the three strikes law by reserving the life sentence for cases where the current crime [was] a serious or violent felony or the prosecution ha[d] pled and proved an enumerated disqualifying factor. In all other cases, the recidivist [would] be sentenced as a second strike offender.

People v. Yearwood, 213 Cal.App.4th 161, 151 Cal.Rptr.3d 901, 904 (Cal. App. 5 Dist. 2013). Pursuant to Proposition 36, California Penal Code § 1170.126 was added, which "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." Yearwood, 213 Cal.App.4th at 168.

Proposition 47, which took effect in California in November 2014, "reduced the penalties for certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. [Citations.] It also added section 1170.18 to the Penal Code, which allows those previously convicted of felonies that were reclassified as misdemeanors under Proposition 47, to

---

[7] Petitioner did not provide a copy of the superior court's denial of his motion for resentencing. Accordingly, it is not known if the superior court construed petitioner's motion for resentencing pursuant to either Proposition 36 or Proposition 47.

petition the court to have their felony convictions designated as misdemeanors." People v. Zamarripa, 247 Cal.App.4th 1179, 1182-83, 202 Cal. Rptr. 3d 525 (Cal. App. 2 Dist. 2016).

A claim premised on either Proposition 36 or Proposition 47 is not cognizable on federal habeas review. A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Here, to the extent petitioner premises his sentencing claim on either Proposition 36 or Proposition 47, his claim only involves the application of state law, and thus, is not cognizable.

## E. CONCLUSION

In light of the foregoing, **no later than May 23, 2018**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed: (1) for lack of exhaustion; (2) as successive; (3) as time barred; and/or (4) as not cognizable. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. With respect to the exhaustion issue, petitioner must file proof with this Court on or before May 23, 2018, that each claim for relief set forth in the instant Petition has previously been presented to the California Supreme Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising each of those claims to the California Supreme Court.

7

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice for any of the reasons discussed above, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[8] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet appeared in this action. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Failure to respond by May 23, 2018, will result in the Petition being summarily dismissed with prejudice for the reasons set forth above, and for failure to prosecute and follow court orders.**

DATED: May 2, 2018

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[8] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.